(Reap. Dec. 9021)

H. J. HEINZ COMPANY *v.* UNITED STATES

Entry Nos. 739; 957.

(Decided on remand [Abstract 60498] November 8, 1957)

*Jerome G. Clifford* for the plaintiff.

*George Cochran Doub,* Assistant Attorney General (*Samuel D. Spector,* trial attorney), for the defendant.

JOHNSON, Judge:   These appeals for reappraisement are before the court by virtue of a remand by the first division of this court, in *H. J. Heinz Company* v. *United States,* 38 Cust. Ct. 411, Abstract 60498, pursuant to a remand by the Court of Customs and Patent Appeals, in *H. J. Heinz Company* v. *United States,* 43 C. C. P. A. (Customs) 128, C. A. D. 619.

The appeals have been submitted for decision upon the following stipulation of counsel for the parties hereto:

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the plaintiff and the Assistant Attorney General for the United States that the market value or the price, at the time of exportation to the United States of the merchandise covered by the appeals to reappraisement enumerated above, at

which merchandise similar to that here in question was freely offered for sale for home consumption to all purchasers in the principal markets of England, the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, including the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment, was ninety-four (94) shillings per 50 kilos plus ten per cent (10%) duty plus landing charges estimated at two per cent (2%) in reappraisement appeal numbered 210402–A/470, and eighty-five (85) shillings per 50 kilos plus ten per cent (10%) duty plus landing charges estimated at two per cent (2%) in reappraisement appeal numbered 210403–A/471.

IT IS FURTHER STIPULATED AND AGREED that merchandise such as involved herein was not freely offered for sale to all purchasers in the principal markets of England, the country of exportation, for home consumption in England or for exportation to the United States, in the usual wholesale quantities and in the ordinary course of trade, at or about the dates of exportation of the subject merchandise.

IT IS FURTHER STIPULATED AND AGREED that merchandise similar to that here in question was not freely offered for sale to all purchasers in the principal markets of England, the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States.

IT IS FURTHER STIPULATED AND AGREED that the above enumerated appeals to reappraisement be submitted for decision on this stipulation.

On the agreed facts I find the foreign value, as that value is defined in section 402 (c) of the Tariff Act of 1930, as amended by section 8 of the Customs Administrative Act of 1938, to be the proper basis for the determination of the value of the merchandise here involved, and that such values were 94 shillings per 50 kilos, plus 10 per centum duty, plus landing charges, estimated at 2 per centum in reappraisement 210402–A, and 85 shillings per 50 kilos, plus 10 per centum duty, plus landing charges, estimated at 2 per centum in reappraisement 210403–A, all English currency.

Judgment will be entered accordingly.